United States District Court
Southern District of Texas
**ENTERED**
July 17, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MICHAEL A. MCCANN, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 3:16-CV-335 |
| § | |
| THE STATE OF TEXAS, § | |
| § | |
| Respondent. § | |

## ORDER

The petitioner, Michael A. McCann, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a conviction for failure to identify by giving false or fictitious information to a police officer (Dkt. 1). The Court dismissed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and *sua sponte* denied a certificate of appealability (Dkt. 7 and Dkt. 8). McCann has now filed "objections" to the Court's judgment and a motion for a certificate of appealability (Dkt. 9 and Dkt. 10).

The Court construes McCann's "objections" and motion as a motion to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e). In federal habeas actions, Rule 59(e) motions are not always just Rule 59(e) motions. If the petitioner is using Federal Rule of Civil Procedure 59(e) to attack the substance of the district court's resolution of his habeas claims on the merits and not to attack some defect in the integrity of the habeas proceedings, then the Rule 59(e) motion is properly

construed as a successive federal habeas petition. *Williams v. Thaler*, 602 F.3d 291, 301–05 & n.10 (5th Cir. 2010). In an unpublished opinion, the Fifth Circuit succinctly clarified that "[e]xamples of motions attacking a defect in the integrity of the federal habeas proceedings include a claim of fraud on the court or challenges to a court's procedural ruling which precluded a merits determination, such as when a ruling is based on an alleged failure to exhaust, a procedural default, or a time-bar determination." *United States v. Brown*, 547 Fed. App'x 637, 641 (5th Cir. 2013) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 nn.4–5 (2005)). In his Rule 59(e) motion, McCann squarely challenges the Court's resolution of his habeas claims on the merits. The Court will therefore construe the Rule 59(e) motion as a successive Section 2254 petition. *Williams*, 602 F.3d at 301–05 & n.10. Under 28 U.S.C. § 2244(b), McCann must obtain authorization from the Fifth Circuit to file a successive Section 2254 petition. He has not done so, and this Court will dismiss the successive Section 2254 petition for lack of jurisdiction. *Id.*; *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Based on the foregoing, the Court **ORDERS** as follows:

1. McCann's "objections" and motion (Dkt. 9 and Dkt. 10) are construed as a successive Section 2254 petition, and that petition is **DISMISSED** without prejudice. A certificate of appealability from that ruling is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on July 10, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE